IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs March 14, 2003

## JAMES CHRISTOPHER KYZER v. PATTY BLACKBURN

**Appeal from the Juvenile Court for Bradley County**
**No. J-8820     C. Van Deacon, Jr., Judge**

**FILED JUNE 30, 2003**

**No. E2002-02254-COA-R3-JV**

This is a custody dispute between James Christopher Kyzer, the father of Haleigh Sharee Kyzer, d.o.b. 10/6/93, and the child's maternal grandmother, Patti Blackburn, which arose after Haleigh's mother, the ex-wife of Mr. Kyzer, was killed in an automobile accident. The Trial Judge awarded custody to the father upon his finding that "there has been no showing of substantial risk of harm to the child." We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Juvenile Court Affirmed;**
**Cause Remanded**

HOUSTON M. GODDARD, P.J., delivered the opinion of the court, in which HERSCHEL P. FRANKS and CHARLES D. SUSANO, JR., JJ., joined.

Conrad Finnell, Cleveland, Tennessee, for the Appellant, Patty Blackburn

Jimmy W. Bilbo, Cleveland, Tennessee, for the Appellee, James Christopher Kyzer

**MEMORANDUM OPINION**

At the outset we recognize that "parents have a fundamental right to the care, custody, and control of their children." *In Re Drinnon*, 776 S.W.2d 96, 97 (Tenn. Ct. App. 1988), citing *Stanley v. Illinois*, 405 U.S. 645, 92 S. Ct. 1208, 31 L. Ed. 2d 551 (1972). However, this right is not absolute and may be terminated if there is clear and convincing evidence justifying termination under the pertinent statutory scheme. *Santosky v. Kramer*, 455 U.S. 745, 102 S. Ct. 1388, 71 L. Ed. 2d 599 (1982). Clear and convincing evidence is evidence that "eliminates any serious or substantial doubt concerning the correctness of the conclusions to be drawn from the evidence." *O'Daniel v. Messier*, 905 S.W.2d 182, 188 (Tenn. Ct. App. 1995).

It is true that the father had minimal contact with the child prior to the death of her mother and the child was, for all practical purposes, reared by Mrs. Blackburn. We also recognize that there is proof that the child sang a pornographic song at school and told the teacher she had learned it from her father, which he denied. The Trial Court obviously discounted this contention by his action in awarding custody to Mr. Kyzer.

The Trial Court specifically found that "there had been no showing of substantial risk of harm to the child" should custody be awarded to her father.

Given the deference accorded a Trial Court as to the credibility of witnesses, the reports of two therapists, and the recent pronouncement of our Supreme Court in *Eldridge v. Eldridge*, 42 S.W.3d 82 (Tenn. 2001), hereinafter set out, relative to visitation, which we believe would equally apply to custody, we conclude when tested by Tenn. R. App. P. 13 that the evidence does not preponderate against the Trial Court's finding of fact and it did not abuse its discretion in awarding custody. We conclude this is an appropriate case for affirmance under Rule 10 of this Court.

> It is not the function of appellate courts to tweak a visitation order in the hopes of achieving a more reasonable result than the trial court. Appellate courts correct errors. When no error in the trial court's ruling is evident from the record, the trial court's ruling must stand. This maxim has special significance in cases reviewed under the abuse of discretion standard. The abuse of discretion standard recognizes that the trial court is in a better position than the appellate court to make certain judgments. The abuse of discretion standard does not require a trial court to render an ideal order, even in matters involving visitation, to withstand reversal. Reversal should not result simply because the appellate court found a "better" resolution. *See State v. Franklin*, 714 S.W.2d 252, 258 (Tenn.1986) ("appellate court should not redetermine in retrospect and on a cold record how the case could have been better tried"); *cf. State v. Pappas*, 754 S.W.2d 620, 625 (Tenn. Ct. Crim. App.1987) (affirming trial court's ruling under abuse of discretion standard while noting that action contrary to action taken by the trial court was the better practice); *Bradford v. Bradford*, 51 Tenn. Ct. App. 101, 364 S.W.2d 509, 512-13 (1962) (same). An abuse of discretion can be found only when the trial court's ruling falls outside the spectrum of rulings that might reasonably result from an application of the correct legal standards to the evidence found in the record. *See, e.g., State ex. rel Vaughn v. Kaatrude,* 21 S.W.3d 244, 248 (Tenn. Ct. App.2000).

Mr. Kyzer's request that Mrs. Blackburn's appeal be declared frivolous is denied.

For the foregoing reasons the judgment of the Trial Court is affirmed and the cause remanded for collection of costs below. Costs of appeal are adjudged against Mrs. Blackburn and her surety.

_____
HOUSTON M. GODDARD, PRESIDING JUDGE